**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TERESA PRICE,**<br><br>    Plaintiff,<br><br>v.<br><br>**TRANS UNION, LLC, and<br>FINANCIAL RECOVERIES,**<br><br>    Defendants. | )<br>)<br>)  **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1.   This is an action for damages brought by individual consumer, Teresa Price, against Trans Union, LLC and Financial Recoveries (collectively "Defendants"), for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq.*, as amended, the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.,* (hereafter the "FDCPA"), and various other common law rights.

**THE PARTIES**

2.   Plaintiff Teresa Price is an adult individual residing at 820 Westview Terrace, Dover, Delaware 19904.

3.   Defendant, Trans Union, LLC ("Trans Union"), is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4.   Defendant, Financial Recoveries, is a business entity which regularly conducts business in Philadelphia County, Pennsylvania and which has a principal place of business

located at 200 East Park Dr. Suite 100, Mount Laurel, New Jersey 08054. The principal purpose of Financial Recoveries is the collection of debts using the mails and telephone, and Financial Recoveries regularly attempts to collect debts alleged to be due another.

## JURISDICTION & VENUE

5.Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

6.Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8.The inaccurate information includes, but is not limited to, accounts with Financial Recoveries, American Collections, Bank of America, Capital One, International Recovery Agency, WFS/Wachovia, HSBC, Jefferson Capital Systems as well as a Bankruptcy filed in the District of Delaware and two state tax liens recorded in the Kent County Superior Court.

9.The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, as well as incorrect personal identifying information.

10.Trans Union has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11. Plaintiff has repeatedly disputed the inaccurate information with Trans Union by both oral and written communications to their representatives and by following Trans Union's established procedure for disputing consumer credit information.

12. Plaintiff has repeatedly disputed the inaccurate information with Trans Union on multiple occasions, including but not limited to, from June 2007 through the present.

13. Notwithstanding Plaintiff's efforts, Trans Union has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Trans Union continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Trans Union has repeatedly published and disseminated consumer reports to such third parties from at least June 2007 through the present.

14. Despite Plaintiff's efforts, Trans Union has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

15. Notwithstanding Plaintiff's disputes, Financial Recoveries has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

16. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

17. Plaintiff has applied for and has been denied various loans and extensions of consumer credit on many different occasions, and Plaintiff has been informed that the basis for these denials was the inaccurate information that appears on Plaintiff's credit reports and that the inaccurate information was a substantial factor for those denials.

18. Plaintiff's credit reports and file have been obtained from Trans Union and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

20. As a result of Defendants' conduct, Plaintiff has suffered great emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

21. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

22. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## **COUNT I – TRANS UNION - VIOLATIONS OF THE FCRA**

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. At all times pertinent hereto, Trans Union was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

27. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

29.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Trans Union is liable to the Plaintiff for engaging in the following conduct:

(a)    willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a);

(b)    willfully and negligently failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(c)    willfully and negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

(d)    willfully and negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

(e)    willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(f)    willfully and negligently failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports, in violation of 15 U.S.C. §1681i(c);

    (g)    willfully and negligently failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

    (h)    willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

    (i)    willfully and negligently failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

    (j)    willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

30.     The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – FINANCIAL RECOVERIES – VIOLATION OF THE FCRA

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     At all times pertinent hereto Financial Recoveries was a "person" as that term defined by 15 U.S.C. § 1681a(b).

33. Financial Recoveries violated sections 1681n and 1681o of the FCRA by engaging in the following conduct:

    (a) willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b) willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Financial Recoveries;

    (c) willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    (d) willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    (f) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities; and

    (g) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

34. Financial Recoveries conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result Financial Recoveries is liable to compensate Plaintiff

for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## COUNT III – FINANCIAL RECOVERIES – VIOLATIONS OF THE FDCPA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Financial Recoveries is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

37. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

38. The above disputes by Plaintiff, as well as the reporting of the inaccurate information to credit reporting agencies by Financial Recoveries is a "communication" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

39. Any alleged debts at issue arose out of a transaction which was primarily for personal, family or household purposes.

40. Financial Recoveries' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692e(2)(a), 1692e(8), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) The false representation of the amount, character or legal status of a debt;

    (b) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

    (c) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

41. Financial Recoveries acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

42. As a result of the above violations of the FDCPA, Financial Recoveries is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

### COUNT IV –TRANS UNION & FINANCIAL RECOVERIES- DEFAMATION

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. Defendants have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

45. Defendants have published these statements each time a credit report on Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

46. The statements made by Defendants are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

47. Defendants have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

48. Defendants knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

49. Nonetheless Defendants continue to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

50. The written statements and publications constitute libel per se.

51. The oral statements and publications constitute slander per se.

52. In addition, and despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

53. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT V – TRANS UNION & FINANCIAL RECOVERIES – NEGLIGENCE

54. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

55. Defendants' negligence consists of the following:

   (a) Violating the FCRA as set forth above;

   (b) Failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff;

   (c) Failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to creditors;

   (d) Failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to creditors;

   (e) Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

(f) Failing to delete or correct the inaccurate information from Plaintiff's credit file after reinvestigation;

(g) Failing to note Plaintiff's dispute of the inaccurate information and in subsequent consumer reports;

(h) Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from Plaintiff;

(i) Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(j) Failing to properly and timely delete the inaccurate information from Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(k) Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

(l) Violating the FDCPA as set forth above;

(m) Failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

(n) Failing to review all relevant information concerning Plaintiff's account that was sent from Equifax and Trans Union;

(o) Failing to report the results of investigations to the relevant consumer reporting agencies;

(p) Failing to report the inaccurate status of the inaccurate information to all credit reporting agencies, including those agencies to whom Financial Recoveries originally furnished information; and

(q) Failing to delete or correct the inaccurate information;

56. As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

57. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

### COUNT VI –TRANS UNION AND FINANCIAL RECOVERIES INVASION OF PRIVACY/FALSE LIGHT

58. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

59. Defendants above actions violated Plaintiff's right of privacy by impermissibly accessing Plaintiff's most private information and placing the Plaintiff in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

60. By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information Defendants invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

61. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are

outlined more fully above and, as a result, Equifax and Trans Union are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

62.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o, and 15 U.S.C. § 1692k(a)(3);

(e)     An order directing that Trans Union immediately delete all of the inaccurate information from Plaintiff's credit reports and files, and that Financial Recoveries cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f)     An order directing that Trans Union send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected credit report information; and

(g) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: _/s/ Mark Mailman_
MARK MAILMAN
JOHN SOUMILAS
GREGORY GORSKI
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: March 26, 2009                    Attorneys for Plaintiff