IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERESA PRICE, | : | CIVIL ACTION |
| | : | NO. 09-1332 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRANS UNION, LLC, | : | |
| | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                AUGUST 17, 2010

**I. BACKGROUND**

Plaintiff Teresa Price ("Plaintiff"), brings this action against Defendant Trans Union, LLC ("Defendant") alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and common law defamation, negligence, invasion of privacy/false light. Plaintiff is a Delaware resident. Defendant is a business entity which regularly conducts business in Philadelphia County and has its principal place of business in Pennsylvania.

Plaintiff alleges that Defendant reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties. Plaintiff avers that the inaccurate information reflects negatively upon

Plaintiff's credit repayment history, financial responsibility as a debtor and credit worthiness.  Plaintiff notes that she has repeatedly disputed the inaccurate information, but Defendant has continued to publish the inaccuracies to third parties.  As a result of Defendant's conduct, Plaintiff contends that she has suffered actual damages and serious financial and pecuniary harm.

Defendant's partial motion for summary judgment is pending.

**II. MOTION FOR LEAVE TO AMEND THE COMPLAINT**

   **A. The Proposed Amended Complaint**

Plaintiff seeks leave to amend, under Rule 15(a), the Complaint for three discrete purposes.  First, since filing the original Complaint, Plaintiff reached a settlement with Financial Recovery (an original Defendant) and the proposed Amended Complaint does not include Financial Recovery.  Second, upon completing substantial discovery in this matter, Plaintiff does not wish to proceed against Defendant for the common law violations raised in the original Complaint.  Third, Plaintiff further wishes to supplement the pleadings with factual information learned during the discovery process, and circumstances that arose after this lawsuit was filed.  Plaintiff argues the Amended Complaint will streamline pretrial motions as it will provide Defendant with advanced notice of the claims

and/or damages that Plaintiff does not intend to pursue at trial.

   **B. Defendant's Opposition**

Defendant argues that the motion is untimely, coming almost nine months late from the Court's Scheduling Order's deadline for amendments to the pleadings. This action was filed on March 27, 2009. The Court's July 15, 2009 Scheduling Order contained a deadline for amendments to the pleadings of July 24, 2009. Plaintiff's instant motion was filed on April 1, 2010. Defendant argues that Plaintiff must show "good cause," under Rule 16(b), before Rule 15 is implicated. Moreover, Defendant claims Plaintiff does not address or show good cause for the late motion.

Moreover, Defendant argues that Plaintiff is simply trying to amend the Complaint to include an alleged "reinsertion" of information to her credit report. (See Proposed Amended Complaint at ¶ 28(d), which alleges a reinsertion of previously deleted information that was not alleged in the original Complaint.) Defendant argues that the "reinsertion" occurred on July 13, 2009, when defense counsel received a request from Plaintiff's counsel for a report for Plaintiff. They claim that when the report was obtained, a Trans Union operator accidently added a bankruptcy to Plaintiff's file which had been deleted in March 2009 before the claim was filed. When defense counsel realized the error, the report was corrected and a corrected

report was sent to Plaintiff's counsel.  Defendant contends that Plaintiff was never shown the report and the report did not go to any third party.[1]

Defendant claims that Plaintiff's counsel knew that the "reinsertion" was an error and it was fixed within hours.  The Trans Union employee who made and corrected the error was deposed on January 8, 2010, and explained the circumstances.  Defendant argues the instant motion to amend is untimely because Plaintiff has not proposed a clear and cognizable justification for the delay beyond the time set forth in the Scheduling Order, under Rule 16(b), and as such has failed to show "good cause" to allow the amendment.

Finally, Defendant argues that if the motion is granted, it would request an opportunity to take discovery.  Defendant would seek to depose Plaintiff and her counsel respecting the manner in which Plaintiff was informed of the "reinsertion" and whether Plaintiff was informed of the correction.

**III. ANALYSIS**

Under Federal Rule of Civil Procedure 15(a)(2), "leave

---

[1] In any event, the delivery to Plaintiff's counsel of the inaccurate report and correction both occurred on July 13, 2009 – the day before the July 14 initial pretrial conference before this Court and 11 days before the deadline for amendments.

shall be freely given [for a party to amend its pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Rule 15(a)(2) places the burden to make such a showing on the party opposing the amendment. The touchstone of the rule is a showing of a prejudice to the party opposing the amendment. Race Tires Am., Inc. v. Hoosier Racing Tire Corp., --- F.3d ----, 2010 WL 2871746, at *22 (3d Cir. July 23, 2010).

By contrast, where a party seeks to amend its pleadings after a deadline set by court order, the decision whether to allow the amendment is controlled by Rule 16(b).[2] Under Rule 16(b), the party seeking the amendment is effectively asking the court not only for leave to amend its pleadings, but also the scheduling order. Because the party's request now implicates the effective administration of justice, the party must show good cause in order to procure the court's consent. Once the court files a pretrial scheduling order, pursuant to Rule 16 which

---

[2] See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the Judge's consent.").

- 5 -

established a timetable for amending pleadings, that rule's standards control. See Fed. R. Civ. P. 16(e).

While the Third Circuit has not explicitly addressed how to reconcile the differences in the standards between Rules 15(a) and 16(b) ("prejudice" and "good cause"), this Court has held that "once the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, a party must, under Rule 16(b), demonstrate 'good cause' for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleading." Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007) (Robreno, J.) (citing to seven Circuit courts in applying the "good cause" standard to a motion for leave to amend the pleadings after a scheduling order deadline had passed); see also Componentone, L.L.C. v. Componentart, Inc., No. 05-1122, 2007 WL 2580635, at *2 (W.D. Pa. Aug. 16, 2007) (same). Indeed, this Court has already concluded the Third Circuit would likely come to the same conclusion. Chancellor, 501 F. Supp. 2d at 701; see also E. Minerals & Chem. Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000) (affirming district court's denial of motion to amend complaint six months after amendment and joinder deadlines had expired); Dimensional Comm'ns, Inc. v. OZ Optics, Ltd., 148 Fed. App'x 82, 85 (3d Cir. 2005) (non precedential). Under these circumstances, a showing

of "good cause" by Plaintiff is required in this case.

"Good cause" under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order. See Fed. R. Civ. P. 16, Advisory Committee Note (1983) ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension"); Chancellor, 501 F. Supp. 2d at 701 (citing Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)) (holding that Rule 16(b)'s "good cause" standard focuses on a party's diligence); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Thus, "if the party was not diligent, there is no 'good cause' for modifying the scheduling order and allowing the party to file a motion to amend its pleading." Chancellor, 501 F. Supp. 2d at 701 (citing Johnson, 975 F.2d at 609) ("If [a] party was not diligent, the inquiry should end.").

Where, as here, the party knows or is in possession of the information that forms the basis of the later motion to amend at the outset of the litigation, the party is presumptively not diligent. Chancellor, 501 F. Supp. 2d at 702 (citing S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003) ("[T]he same facts were known to [the plaintiff] from the time of its original complaint to the time it moved for

leave to amend.")); Parker v. Columbia Pictures Indus., 204 F.3d, 326, 341 (2d Cir. 2000) (affirming the district court's denial of plaintiff's motion to amend for lack of "good cause" because the plaintiff possessed all the information he needed to support a breach of contract claim before he filed suit, "and nothing he learned in discovery or otherwise altered that fact").

Here, in a reply brief[3], Plaintiff does not contradict Defendant's assertion that the information about the inaccurate "reinsertion" was known to Plaintiff's counsel on July 13, 2009 – the day before the July 14 initial pretrial conference before this Court and 11 days before the deadline for amendments. Plaintiff does not account for her delay in moving to amend the Complaint to insert this claim.

The presumption of non-diligence may be rebutted by a cogent explanation as to why the proposed amendment was not included in the original pleading. See Chancellor, 501 F.Supp.2d at 702. However, Plaintiff focuses only on the argument that Defendant will not be prejudiced by the proposed amendment. Plaintiff claims the deletion of common law claims against Defendant is not prejudicial and Defendant cannot rationally argue unfair surprise by the "reinsertion" incident since it involves Defendant's own conduct.

---

[3] Plaintiff's motion for leave to file a reply is granted and the brief will be considered by the Court.

Far from satisfying Rule 16's "good cause" requirement, Plaintiff offer no justification at all for the failure to seek leave to amend the Complaint prior to the Court-ordered deadline. Because Plaintiff possessed the relevant knowledge regarding the "reinsertion" before amended pleadings were due, and has not proposed a clear and cognizable justification for the eight-month delay beyond the deadline set forth in the Scheduling Order, under Rule 16(b), Plaintiff has failed to show "good cause" to allow the amendment.

**IV. CONCLUSION**

Defendants do not oppose the deletion of the common law claims against them. Thus, the Court will grant the motion in part and deny the motion in part. The motion is granted as to the deletion of the previously asserted common law claims. As such, Plaintiff now proceeds against Defendant solely on the FCRA claim. The motion is denied as to the addition of the "reinsertion" claim. An appropriate order follows.